IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:17-00160

VENEFORD BLANKENSHIP

MEMORANDUM OPINION AND ORDER

In Bluefield, on October 10, 2017, came the defendant Veneford Blankenship, in person and by counsel, David R. Bungard, Assistant Federal Public Defender, and came the United States by Meredith George Thomas, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to the Information charging her with mail fraud, in violation of 18 United States Code, Section 1341. Teresa King, Senior Probation Officer, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing her personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The court informed the defendant of the maximum penalties to which she will be exposed by virtue of her plea of guilty and defendant acknowledged her understanding of the same.

The court next inquired as to the defendant's plea and the defendant responded that she intended to plead guilty.  The court explained the range of penalties to which the defendant would be exposed by virtue of her guilty plea.  The court also explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which she was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court informed the defendant of her right to be prosecuted by indictment pursuant to Rule 7 of the Federal Rules of Criminal Procedure.  Having been informed of this right, the defendant signed a waiver of her right to prosecution by indictment, which signature she acknowledged in open court.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights she would waive by pleading guilty to the Information.  The court then determined that the defendant understood those rights.  The court advised

the defendant that she could not withdraw her plea if she was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to her to induce her to plead, whether any predictions were made regarding the sentence she might receive, and whether she had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as her factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty. The court further found that the defendant tendered her plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which she gives up by pleading guilty, and with an awareness of what the United States would have to prove against her if the case went to trial. The court further found that the defendant had an appreciation of the consequences of her plea and accepted the defendant's plea of guilty.

Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred an adjudication of guilt pending receipt of the presentence investigation report. Accordingly, the court adjudges and the defendant now stands provisionally guilty of the Information.

The court scheduled the disposition of this matter for January 23, 2018, at 1:30 p.m., in Bluefield. The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court. Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

For the reasons stated on the record, the court found by clear and convincing evidence that defendant was not a flight risk or a danger to the community. Accordingly, defendant was released on a $10,000.00 unsecured bond subject to the standard terms and conditions of release adopted by this district as well as the special conditions of release outlined in the pretrial services report.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal

for the Southern District of West Virginia and the Probation Office of this court.

      **IT IS SO ORDERED** this 10th day of October, 2017.

      ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge